JUDGE HERB ROSS (Recalled)

UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF ALASKA
605 West 4th Avenue, Room 138, Anchorage, AK 99501-2296 - (Website: www.akb.uscourts.gov)
Clerk's Office 907-271-2655 (1-800-859-8059 In-State) - Judge's Fax 907-271-2692

**Filed On
4/12/06**

In re

SCOTT DOUGLAS ADAMS,

          Debtor(s)

Case No. J05-01061-HAR
In Chapter 7

**MEMORANDUM RE DENIAL OF
MOTION TO RECUSE**

    Brock Weidner, attorney for the debtor, has moved[1] to recuse me as the judge to hear the US Trustee's motion[2] for disgorgement of a $500 attorney fee collected from the debtor. No authority is cited for recusal, but the reason given is:

> . . . Counsel feels he was treated unfairly by having the memo in the case entered by the court, the court knowing that Counsel was in Bartlett Regional Hospital being treated for pneumonia at the time of the March 13, 2006 hearing. Furthermore, Counsel has made complaint against said Judge to the Judicial Counsel in connection with the entry of the memo, and very strongly feels the judge will be biased against Counsel.

Regarding the factual background:

- the hearing was on March 10th, not the 13th;

- neither the court nor its staff had any knowledge of Mr. Weidner being ill at the time of the hearing;

---

[1] Docket 23.

[2] Docket 19.

- the usual procedure for one wanting to attend by telephone is to make a request for telephonic participation, which is routinely granted;
- the in-court clerk did make several courtesy calls immediately before the March 10th hearing, from the courtroom, trying to contact Mr. Weidner so that he could attend;
- there is no question a continuance would have been given, had he requested one before the hearing;
- the court's staff verbally gave Mr. Weidner the date of the proposed hearing (March 10th) on February 10th (after being unable to get him to comprehend the procedure for filing a Calendar Request) and advised him a number of times after that that he had the duty to notice it out;
- he never did notice it out to interested parties or let the court know he did not;
- the court's staff has gone to extraordinary measures to help Mr. Weidner cope with any problems with the ECF system, but he has not taken advantage of it;
- Mr. Weidner is not an infrequent user of ECF, and just before the crush of filings in advance of BAPCPA going into effect, he filed 11 cases on October 14th and 15th alone;
- he never moved for reconsideration of the March 10th order, or for an extension of time to appeal, and the time to appeal has passed;
- he has indicated he would file a complaint for Judicial Misconduct (he has been directed to a website with information on how to do that);
- the court has no animus or bias against Mr. Weidner, which has not been derived from his handling of this case or others like it; and,
- the observations from those cases has led me to observe he is extremely lax in his representation of his clients and following court procedures, and nonchalant about his duty to attend hearings.

I assume that the motion alludes to 28 USC § 455 which governs the conditions under which a federal judge must recuse himself. A judge should do so if there is a reasonable question about the

MEMORANDUM RE DENIAL OF MOTION TO RECUSE                                                      Page 2 of 3

judge's partiality. The test is whether a reasonable person, knowing all the facts, would conclude the judge is partial.[3]

I do have a negative impression of Mr. Weidner's performance as an attorney in this case and other cases in which he has appeared, but this is not sufficient to support a recusal. The impression is drawn from his performance as an attorney, and not for some extraneous reasons.

Its worth noting that the only other bankruptcy judge readily available to hear the disgorgement motion, Judge MacDonald, himself has ruled that Mr. Weidner disgorge $400 in another case.[4]

DATED: April 12, 2006

                                                               /s/ Herb Ross
                                                              HERB ROSS
                                                             U.S. Bankruptcy Judge

Serve:
Brock Weidner, Esq.
Larry Compton, Trustee
US Trustee
    4/12/06                                                                                                                                                       D5838

---

[3] In re Focus Media, Inc., 378 F3d 916, 929 (9th Cir 2004) ("Here, Focus contends that the bankruptcy judge orchestrated the bankruptcy proceedings to ensure that the petitioning creditors would prevail. Focus infers this bias from the bankruptcy judge's (1) substantive rulings, (2) references to the judicial misconduct complaint filed against her and to possible misconduct by Focus' principals and (3) conduct of the proceedings in general. Based on our review of the record, we conclude that a reasonable person with knowledge of all the facts would neither infer such bias nor otherwise question the bankruptcy judge's impartiality."); In re Smith, 317 F3d 918, 932-33 (9th Cir 2002) (explaining the "extrajudicial source" doctrine: " First, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion.... Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, *or of prior proceedings*, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible," quoting Liteky v United States, 510 US 540, 554 (1994)).

[4] Adv No. 99-06002) Compton v Weidner (Case No. J97000859-DMD, In re Forrest Thomas Pettigrew) (a proceeding to collect the disgorgement of $400 in fees and $1,436 in sanctions under FRBP 9011(c)).

MEMORANDUM RE DENIAL OF MOTION TO RECUSE                                                  Page 3 of 3